# EXHIBIT B

Filed
11/29/2021 12:00 AM
Beverley McGrew Walker
District Clerk
Fort Bend County, Texas
Erica Rodriguez

CAUSE NO. 21-DCV-289226

| | | |
|---|---|---|
| **BENJAMIN WOODROW** § | | IN THE DISTRICT COURT OF |
| *Plaintiff* § | | |
| § | | |
| v. § | | FORT BEND COUNTY, TEXAS |
| § | | |
| **WAL-MART STORES TEXAS, LLC** § | | Fort Bend County - 458th Judicial District Court |
| *Defendant* § | | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

**NOW COMES** Plaintiff Benjamin Woodrow, who files this Original Petition complaining of Wal-Mart Stores Texas, LLC, Defendant, and for cause(s) of action would respectfully show unto this Honorable Court and Jury as follows:

### I.
### DISCOVERY PLAN

1.1   Plaintiff intends to conduct discovery in this case under a Level 2 plan pursuant to TRCP Rule 190.

### II.
### PARTIES

2.1   Plaintiff Benjamin Woodrow (hereinafter "Plaintiff") is a natural person residing in the State of Louisiana.

2.2   Defendant Wal-Mart Stores Texas, LLC (hereinafter "Walmart") is a Delaware limited liability company authorized to do and doing business in Texas. This Defendant may be served with process through its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

Page | 1

## III.
## VENUE AND JURISDICTION

3.1     Venue is proper in Fort Bend County, Texas, pursuant to §15.002 of the Texas Civil Practice and Remedies Code as all or a substantial part of the events or omissions giving rise to the claim occurred in Fort Bend County, Texas.

3.2     Jurisdiction is proper because the amount in controversy exceeds the minimum jurisdictional limits of this Court. This Court has personal jurisdiction over all parties as set out in paragraph II.

## IV.
## NATURE OF CASE

4.1     On or about November 29, 2019, Plaintiff, acting in his capacity as an invitee, was shopping at Defendant's Walmart Supercenter #2505, located at 5501 Highway 6, Missouri City, Texas 77459. As Plaintiff was exiting the premises to return to his vehicle in the parking lot, he went through the side exit where shopping carts are kept. This area was largely empty, presumably due to the large number of shoppers who were present on the day in question, colloquially known as "Black Friday." This area had no signage warning customers like Plaintiff to not exit through the area, and there were no physical barricades preventing Plaintiff from traveling through this area.

4.2     As Plaintiff approached the opening of the building where he was going to exit, he ducked under some plastic drapes that had been rolled up overhead. As Plaintiff cleared the rolled-up plastic drapes, he resumed standing and struck his head on the outer brick façade of the building that unknowingly extended beyond the plastic drapes, resulting in serious and painful personal injuries.

4.3     The outer brick façade likewise had no warning sign or other marking and its location was obstructed by the rolled-up plastic drapes. The lack of warning signs or physical barrier, the rolled-up plastic drapes, and the lack of any kind of warning or marker that the outer brick façade of the building was low and extended beyond the plastic drapes constituted unreasonably dangerous conditions that Defendant caused, about which Defendant knew or, in the exercise of reasonable care, should have been aware of. Defendant's failure to ameliorate these unreasonably dangerous conditions or, in the alternative, warn Plaintiff of same, constituted negligence and was a proximate cause of the occurrence in question and the resulting injuries to Plaintiff. The incident described herein was not caused by any fault on the part of the Plaintiff.

## V.
## NEGLIGENCE OF WALMART

5.1.    At all times relevant to this suit, Defendant had control of the premises on which Plaintiff's injuries occurred because, at the time said injuries occurred, Defendant owned the premises or leased the premises and had the exclusive right to control the property on which Plaintiff was injured.

5.2.    Plaintiff was an invitee at the time the injuries occurred. Plaintiff was on Defendant's premises for the mutual benefit of himself and Defendant and at the implied invitation of Defendant. Defendant also extended an open invitation to the public, including Plaintiff, to enter the premises.

5.3.    Because Plaintiff was an invitee at the time of the injury, Defendant owed him a duty to exercise ordinary care to keep the premises in a reasonably safe condition and give an adequate warning of any dangers. Defendant caused, knew of, or in the exercise of ordinary care, should have known of the unreasonable risk of harm to invitees on the occasion in question and

failed to exercise reasonable care to prevent Plaintiff's injuries. Defendant was negligent in the following respects:

    a.    Failing to maintain the premises in a reasonably safe condition;

    b.    Failing to properly inspect and maintain the area in question to discover the dangerous condition(s);

    c.    Failing to erect a barrier to prevent Plaintiff from exiting the building through the area in question;

    d.    Failing to give adequate and understandable warnings to Plaintiff to prevent him from exiting the building through the area in question;

    e.    Failing to give adequate and understandable warnings to Plaintiff of the unsafe condition of the area in question;

    f.    Failing to warn people on the premises, including Plaintiff, of the dangerous condition, which was known or should have been known to Defendant;

    g.    Failing to mark the location of the outer brick façade by sign or other means;

    h.    Allowing the plastic drapes to remain rolled up and obstructing the view of the outer brick façade; and

    i.    Failing to exercise ordinary care to eliminate or reduce the risk of harm of the dangerous condition.

## VI.
## *RESPONDEAT SUPERIOR* OF WALMART

6.1.    At all material times hereto, Defendant's agents, servants, and/or employees were working in the course and scope of their employment with Defendant. Defendant is therefore liable to Plaintiff for its agents', servants', and employees' negligent actions and omissions pursuant to the doctrine of *respondeat superior*.

## VII.
## DAMAGES OF PLAINTIFF

7.1 As a direct and proximate result of the actions and/or omissions of Defendant described herein, Plaintiff has incurred medical expenses in the past and, in all reasonable probability, such medical expenses will continue into the future.

7.2 As a direct and proximate result of the actions and/or omissions of Defendant described herein, Plaintiff has sustained lost wages and/or lost earning capacity in the past and, in all reasonable probability, such lost earning capacity will continue in the future.

7.3 As a direct and proximate result of the actions and/or omissions of Defendant described herein, Plaintiff has experienced physical pain and suffering in the past and, in all reasonable probability, will sustain physical pain and suffering in the future.

7.4 As a direct and proximate result of the actions and/or omissions of Defendant described herein, Plaintiff has experienced mental anguish in the past and, in all reasonable probability, will sustain mental anguish in the future.

7.5 As a direct and proximate result of the actions and/or omissions of Defendant described herein, Plaintiff has experienced physical impairment or physical incapacity in the past and, in all reasonable probability, will sustain physical impairment or physical incapacity in the future.

7.6 As a direct and proximate result of the actions and/or omissions of Defendant described herein, Plaintiff has experienced physical disfigurement in the past and, in all reasonable probability, will sustain physical disfigurement in the future.

7.7 Pursuant to TRCP Rule 47, Plaintiff is seeking monetary relief over $250,000 but not more than $1,000,000. Plaintiff reserves the right to amend this declaration should it appear to be too high or too low as further discovery warrants.

## VIII.
## CLAIM FOR PRE-JUDGMENT AND POST-JUDGMENT INTEREST

8.1     Plaintiff is entitled to recover pre- and post-judgment interest on all damages that have accrued as of the date of judgment at the highest legal rate.

## IX.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff Benjamin Woodrow prays that Defendant be cited to appear and answer herein and, upon final hearing of this cause, Plaintiff have judgment against Defendant for damages described herein, for actual damages, costs of suit, pre- and post-judgment interest at the highest legal rate, and for such other and further relief, both general and special, at equity and in law, to which Plaintiff may show himself justly entitled.

Respectfully submitted:

**FELDMAN LEE, PLLC**

By: */s/ Jeremy K. Lee*
Jeremy K. Lee (SBN: 24067725)
David R. Feldman (SBN: 24045865)
1300 McGowen, Suite 240
Houston, Texas 77004
281.858.3355 ph
888.549.7723 fax
Attorney email: jlee@feldmanleepllc.com
Service email: eservice@feldmanleepllc.com

*Attorneys for Plaintiff*

Case 4:21-cv-04230   Document 1-2   Filed on 12/31/21 in TXSD   Page 8 of 11

Filed
12/27/2021 12:00 AM
**Beverley McGrew Walker**
District Clerk
Fort Bend County, Texas
Justyce Turner

CAUSE NO. 21-DCV-289226

| | | |
|---|---|---|
| BENJAMIN WOODROW<br>    Plaintiff, | §<br>§<br>§ | IN THE DISTRICT COURT OF |
| vs. | §<br>§<br>§ | FORT BEND COUNTY, TEXAS |
| WAL-MART STORES TEXAS, LLC<br>    Defendant. | §<br>§<br>§<br>§ | 458TH JUDICIAL DISTRICT |

### DEFENDANTS' ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant WAL-MART STORES TEXAS, LLC, files this Original Answer to Plaintiff's Original Petition ("Petition"), and in support thereof, would respectfully show the Court the following:

### I.   General Denial

1.      Under Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies each and every allegation made against Defendant in Plaintiff's Original Petition.

### II.   Affirmative Defenses

2.      Defendant asserts the affirmative defense of contributory negligence. The negligence of Plaintiff caused or contributed to Plaintiff's injures so that the claims are barred or, in the alternative, must be reduced in accordance with the relative degree of Plaintiff's own negligence. Defendant requests the trier of fact to determine Plaintiff's liability and percentage of responsibility pursuant to Texas Civil Practice & Remedies Code section 33.003.

3.      Defendant is entitled to all caps and limitations on damages pursuant to the Texas Civil Practice & Remedies Code.

4. Defendant alleges that Plaintiff's injuries and/or damages were caused by an intervening event for which Defendant has no liability.

5. Defendant affirmatively pleads that Plaintiff's injuries were caused by the actions or inactions of parties not under Defendant's control.

6. Defendant affirmatively pleads the defense set forth in Texas Civil Practice and Remedies Code Section 18.091, requiring Plaintiff to prove Plaintiff's loss of earning, loss of contributions of a pecuniary value, and/or loss of earning capacity in the form of a net loss after reduction for income tax payments or unpaid tax liability on said loss or earning claim pursuant to any federal income tax law.

7. To the extent that Plaintiff's medical expenses exceed the amount actually paid on Plaintiff's behalf to Plaintiff's medical providers, Defendant asserts the statutory defense set forth in Section 41.0105 of the Texas Civil Practice and Remedies Code. Thus, recovery of Plaintiff's medical or health care expenses is limited to the amount actually paid or incurred by or on behalf of Plaintiff.

8. Plaintiff's claims for pre-judgment interest are limited by the dates and amounts set forth in Section 304.104 of the Texas Finance Code and Section 41.007 of the Texas Civil Practice & Remedies Code.

### III.  Prayer

FOR THESE REASONS, Defendant WAL-MART STORES TEXAS, LLC, respectfully prays that the Court enter a judgment that:

1. Dismisses all claims against Defendant WAL-MART STORES TEXAS, LLC, and orders that Plaintiff take nothing by reason of Plaintiff's allegations.

2. Orders that Defendant recover all costs incurred in defense of Plaintiff's claims, and that Defendant's judgment against Plaintiff include the following:

   a. Costs of suit; and

   b. Such other and further relief, general and special, at law or in equity, to which Defendant may be justly entitled.

> Respectfully submitted,
> MEHAFFYWEBER, P.C.
>
> By:/s/*Maryalyce W. Cox*
> Maryalyce W. Cox
> State Bar No. 24009203
> One Allen Center
> 500 Dallas, Suite 2800
> Houston, Texas  77002
> Telephone  - (713) 655-1200
> Telecopier  - (713) 655-0222
> maryalycecox@mehaffyweber.com
>
> ATTORNEYS FOR DEFENDANT
> WAL-MART STORES TEXAS, LLC

## CERTIFICATE OF SERVICE

This will certify that a copy of the foregoing document was furnished to counsel for Plaintiff on December 24, 2021, pursuant to the Texas Rules of Civil Procedure.

> *Maryalyce W. Cox*
> Maryalyce W. Cox

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Qiana Moore on behalf of Maryalyce Cox
Bar No. 24009203
QianaMoore@MehaffyWeber.com
Envelope ID: 60296060
Status as of 12/27/2021 3:37 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
| --- | --- | --- | --- | --- |
| Jeremy Lee | 24067725 | eservice@feldmanleepllc.com | 12/24/2021 9:30:56 AM | SENT |

Associated Case Party: Wal-Mart Stores Texas, LLC

| Name | BarNumber | Email | TimestampSubmitted | Status |
| --- | --- | --- | --- | --- |
| Carmen Garcia | | edocket@mehaffyweber.com | 12/24/2021 9:30:56 AM | SENT |
| Qiana Moore | | QianaMoore@MehaffyWeber.com | 12/24/2021 9:30:56 AM | SENT |
| Maryalyce Cox | | MaryalyceCox@MehaffyWeber.com | 12/24/2021 9:30:56 AM | SENT |